***FILED UNDER SEAL***

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA
Ex rel, THE WESTERN NEW YORK FOUNDATION
FOR FAIR CONTRACTING, INC.

                          Plaintiffs

vs.                                                       Civ. Action No.:

ARSENAL CONTRACTING LLC
ALLIANCE CONTRACTING, LLC
ZOLADZ CONSTRUCTION CO., INC.

                          Defendants
_____

## **QUI TAM COMPLAINT**

### I.    **INTRODUCTION**

1.    This is an action to recover damages and civil penalties on behalf of the United States of America arising from false statements and claims made and presented by the defendants and/or their agents, employee and co-conspirators in violation of the Federal False Claims Act, 31 U.S.C § 3729 et seq, as amended ("the Act"). The violations of the Act involve knowing misrepresentation of certification as "service disabled veteran owned small business concern" ("SDVO SBC") in order to secure

payments from the Department of Veterans Affairs ("the Department") for contracts to perform construction work in and around Western New York.

2. The Act provides that any person who knowingly submits or causes to be submitted a false or fraudulent claim to the United States government for payment or approval is liable for a civil penalty of up to $10,000 for each such claim or paid, plus three times the amount of damages sustained by the Government. Liability attaches when a defendant engages in "false certification" to obtain a Government contract when (1) the Government establishes a condition or certification necessary for the procurement and payment of a contract; (2) the defendant knowingly makes a false representation regarding its condition or certification to induce the contract and payment; (3) the Government was misled by the false statement; (3) and the falsity was material to the Government's decision to pay.

3. The Act allows any person having information regarding a false or fraudulent claim against the Government to bring an action for himself (the "relator") and for the Government and to share in the recovery. The Complaint is filed under seal for 60 days (without service on the defendants during that period) to enable the Government to conduct its own investigation without the defendants' knowledge and to determine whether to join the action.

4. Based on these provisions, Plaintiff/Relator seeks to recover damages and civil penalties arising from defendants' false and fraudulent certification as a "service disabled veteran owned small business concern" in order to receive payment on several construction contracts let by the Department of Veterans Affairs in the Western New York region.

## II. PARTIES

5. Plaintiff/Relator "The Western New York Foundation for Fair Contracting Inc." (herein "WNYFFC") is a New York State non-profit corporation, organized under Section 202 of the Not-for-Profit Corporation Law. The WNYFFC is a Labor Management Committee under Section 302 (c)(9) of the Labor Management Relations Act. Plaintiff brings this action through its Attorneys, Creighton, Johnsen & Giroux.

6. Defendant Arsenal Contracting LLC (hereinafter "Arsenal") is a domestic limited liability company registered to do business in New York State. Arsenal's business address is 13600 Railroad Avenue in Alden, New York. Leon Colucci is the named principal of the company.

7. Defendant Alliance Contracting, LLC (hereinafter "Alliance") is a domestic limited liability company registered to do business in New York State. Alliance Contracting LLC's business address is 13600 Railroad Avenue in Alden, New York. John Zoladz is the listed principal of the company.

8. Defendant Zoladz Construction Co., Inc. (hereinafter "Zoladz") is a business corporation licensed to do business in New York State. Zoaldz's business address is 13600 Railroad Avenue in Alden, New York. John M. Zoladz is the registered principal of the corporation.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 31 U.S.C. § 3730.

10. This Court has personal jurisdiction over the defendants pursuant to 31 U.S.C § 3732(a), which provides that "[a]ny action under Section 3730 may be brought in any judicial district in which the defendant, in the case of multiple defendants, any one defendant can be found, resides, transacts business or in which any act proscribed by section 3729 occurred." Defendants during the relevant period resided in, and/or transacted business in the Western District of New York.

11. Venue is proper in this district pursuant to 31 U.S.C. §3732(a) because defendants can be found in, reside in, and/or transact business in the Western District of New York and because some of the violations of 31 U.S.C. §3729 described herein occurred within this judicial district.

### IV. ALLEGATIONS

12. Defendants are construction contractors that perform private and public works contracts in and around Western New York.

13. The Department of Veteran's Affairs let several construction contracts in 2009-2010 with monies from the American Recovery and Reinvestment Act ("ARRA"). Defendant Arsenal bid on at least four of these contracts and was awarded four contracts.

14. The contracts bid and awarded to Arsenal are 100% "set aside" contracts for "Service Disabled Veteran Owned Small Business Concerns" (SDVO SBC).

15. When a federal contract has a bidding set aside for SDVO SBC, the contractor must represent that the concern fits the definition of an SDVO SBC in order to qualify for the contract. *13 CFR 125.14*. False certification as an SDVO SBC may result in severe civil penalties under the False Claims Act and the Program Fraud Civil Remedies Act. *13 CFR 125.29*. In addition, misrepresentation may result in debarment from contracting with the Department of Veterans Affairs. *Id.*

16. The Small Business Administration issued a set of regulations defining SDVO SBCs. *See 13 CFR § 125.6 et seq.* A SDVO SBC is defined as a small business that is at least 51% owned by one or more service-disabled veteran. *13 CFR §125.8(g)(1)*. Furthermore, management and daily business operations of the business must be controlled by one of more service disabled veteran or eligible surviving spouse. *13 CFR §125.8(g)(2).* Control means that the service disabled veteran:

> must have hold the highest officer position in the concern. . . and must have the managerial experience of the extent and complexity needed to run the concern. The service disabled veteran . . . need not have the technical expertise or possess the required license to be found to control the concern if the service disabled veteran can demonstrate that he or she has ultimate managerial and supervisory control over those who possess the required licenses or technical expertise. §125.10

17. In addition to the above criteria, a SDVO SBC bidding on a general construction job must represent that it will spend at least 15% of the cost of contract performance incurred for personnel of the concern's employee or employees of other

5

SDVO SBC's. *13 CFR §125.6(b)(2)*. This provision requires that the SDVO SBC have its own workforce so as to prevent fraudulent "pass through" scenarios.

18. Moreover, at the time of the contract offer, each SDVO SBC must be "small" as defined by the size standard set by the Federal government. Size standards are set using the North American Industry Classification (NAICS) code identified in the solicitation document. Each business applying for a federal contract must self-certify as "small" by submitting a written self-certification. *13 CFR § 121.404*. At the time that Arsenal Contracting LLC bid on the work, Section 121.405 provided that "a contracting officer may accept a concern's self-certification as true for the particular procurements involved in the absence of a written protest by other offerors or other credible evidence which causes the contracting officer of SBA to question the size of the concern." *13 CFR § 121.405*.

19. In determining whether a business falls under this threshold, the awarding Federal agency must take into account the size of close affiliates. *See 13 CFR §125.12* (a concern may have affiliates provided that the aggregate size of the concern and all of its affiliates is small as defined in the regulation). Affiliation exists when one business controls or has the power to control another or when a third party (or parties) controls or has the power to control both businesses. *13 CFR 121.103(a)(1)*. If two or more businesses are affiliates, the total income of all affiliated organizations will be counted in determining the concern's size. *13 CFR § 121.103 (a)(6)*.

20. To qualify as "small" general construction business, a business must self-certify that its total income is less than $33.5 million dollars. *See 13 CFR § 121.201*.

21. Until October 2010, the Department of Veteran's Affairs permitted contractors to self-certify as SDVOB SBCs.

22. In October 2010, the Veterans Small Business Verification Act changed the certification process of SDVO SBCs. The regulations now require the Department verify ownership and control of veteran owned small businesses including service disabled small businesses. *38 CFR Part 74.* The verification process includes an examination visit to establish that the company is truly independent and not a representative of a non-veteran owned business employing the veteran on a fee or commission basis.

23. On May 13, 2009, Defendant Arsenal was awarded $3,331,465.00 to perform construction work at the Veteran's Administration Hospital on Bailey Avenue, in Buffalo, New York (Contract No.VA-528-RA-0555). The project was funded with ARRA funds and was a 100% set-aside for SDVO SBCs.

24. On June 15, 2009, a sub award on the same project was awarded to Defendant Alliance in the amount of $2,982,834. 31. Alliance is not and has never been certified (self-certified or otherwise) as an SDVO SBC. Alliance sublet $2,775,706.00 to subcontractors.

25. On June 30, 2009, Defendant Arsenal was awarded $543,894.00 to perform construction on the Samuel S. Stratton VA Medical Center in Albany, New York (Contract No. VA-528-RA-0552). The contract was funded with ARRA funds and was a 100% set aside for SDVO SBCs.

26. On July 2, 2009, a sub-award in the amount of $459,980.00 for the same project was granted to Alliance.

27. On October 5, 2009, a sub-award in the amount of $267,200.00 was granted to Defendant Zoladz for the same project located at the Samuel S. Stratton VA Medical Center in Albany.

28. On September 28, 2009, Defendant Arsenal was awarded $2,001,437.00 for a contract performing work for the Department of Veteran's Affairs in Bath, New York (Contract No. VA-528-C-0591). The contract was funded with ARRA funds and was a 100% set aside for SDVO SBCs.

29. On September 29, 2009, a sub-award for the Bath, NY project was granted to Defendant Alliance in the amount of $1,798,994.00. Defendant Alliance then sublet $1,664,420.00 to other contractors.

30. In total, Defendant Arsenal was awarded $6,699,419.00 from ARRA funds. As a sub-recipient, Defendant Alliance received $5,241,808.00 from ARRA funds.

31. On October 19, 2010, Defendant Arsenal was awarded a contract let by the Western New York VA Medical Center to improve a parking lot at 3495 Bailey Ave. in Buffalo, New York. The contract was a 100% set-aside SDVO SBC contract. The contract amount was $148,957.00.

32. Upon information and belief, Defendant Arsenal has obtained additional work from the Department of Veteran's Affairs (or its related entities or affiliates) in the Western New York region.

33. In order to qualify as eligible to receive the Department of Veteran Affairs construction contracts ("contracts") the Department required that the contract meet the criteria of an SDVO SBC. Status as an SDVO SBC is a pre-condition for eligibility and receipt of Federal funds.

34. In June, 2010, Defendant Arsenal was listed as an SDVO SBC on www.vetbiz.com. The principal of the company was listed as Leon Colucci.

35. Mr. Colucci was recently employed as the Director of Veteran's Affairs for Erie County, New York and upon information and belief is still employed there. Mr. Colucci has run for elected office in Erie County. Mr. Colucci may or may not be a service disabled veteran.

36. Leon Colucci is the named principal of Arsenal Contracting LLC on corporate filings. David Lyons is listed as the "project manager" and Renee Figel is listed as the "assistant." The Company's address is listed as 13600 Railroad Avenue in Alden, New York.

37. David Lyons is the Vice President and a partner of Alliance Contracting LLC. Mr. Lyons controls a 24.5% share of the company. John Zoladz is the President of Alliance Contracting LLC, and owns 51% of the company. Tom Dougherty is the third partner and owns the remaining 24.5%. Alliance Contracting LLC's corporate offices are at 13600 Railroad Ave., Alden, New York.

38. John Zoladz is the principal for Zoladz Construction Co., Inc. Tom Dougherty is listed as the Vice President. Records indicate that Zoladz Construction Co., Inc. had sales of $21,000,000 in 2010. Zoladz's corporate headquarters is listed as 13600 Railroad Ave. in Alden, New York.

39. In Uniform Commercial Code (UCC) reports, Alliance Contracting LLC and Zoladz Construction Co., Inc. are listed as joint debtors.

40. On or about November 2010, Western New York Foundation for Fair Contracting employee, Robert LaForge, observed construction work being performed at

the Western New York Veteran's Administration Medical Center Complex in Buffalo, NY. Mr. LaForge observed trucks with the name "Zoladz Construction" on the site. Mr. LaForge asked employees near the worksite if they had heard of "Arsenal Contracting." No one had heard of the Company.

41. On or about December 2010, Mr. LaForge went to 13600 Railroad Ave. in Alden New York to investigate Arsenal Contracting LLC's listed corporate headquarters. The office had a sign indicating that it was the corporate office of Zoladz Construction Co., Inc. There were no signs indicating Alliance Contracting or Arsenal Contracting LLC.

42. That same day, Mr. LaForge inquired about the company to the employee of the post office in Alden, New York about the companies. The employee stated that "they [the companies] are all the same thing."

43. Around this time, Mr. LaForge came into contact with a laid off Zoladz employee, Michael Schutkaret. Mr. LaForge requested that Mr. Schutkaret walk through the corporate headquarters to investigate whether Arsenal Contracting had its own office space or personnel. Mr. Schutkaret did so and did not see any evidence of Arsenal Contracting LLC's existence.

44. Mr. LaForge also drove to 220 Clinton Street, in Cowlesville, New York, which is sometimes listed as Alliance Contracting LLC's business address. The building was vacant and appeared to have been vacant for several years. The building was for sale.

45. Plaintiff alleges that the defendants falsely certified Arsenal Contracting LLC's status as an SDVO SBC in order to submit claims and receive payment from the

United States Government. Plaintiff alleges that Arsenal Contracting LLC is not managed or controlled by a service disabled veteran.

46. Plaintiff alleges that defendant Arsenal Contracting LLC never had the capacity, employees or skill set to administer the $6.6 million dollars worth of work awarded to it by the Department. Plaintiff alleges that the Company did not perform at least 15% of the work as required by law.

47. Plaintiff alleges that named Principal Leon Colucci did not manage or control the day to day operation of the business as required by law. Upon information and belief, Mr. David Lyons, in his dual capacity as "project manager" for Arsenal Contracting LLC and Vice President of Alliance Contracting LLC, managed the operations of the business.

48. Plaintiff alleges that Alliance Contracting LLC is an affiliate of Zoladz Construction Co. Inc.  Zoladz Construction controls Alliance Contracting LLC through John Zoladz's 51% ownership of the company. Plaintiff alleges Alliance Contracting LLC controls Arsenal Contracting LLC through joint control by David Lyons. Plaintiff alleges that Arsenal Contracting LLC is therefore controlled by Zoladz Construction Co., Inc. and that the three companies are properly considered affiliates of each other.

49. Plaintiff alleges that Arsenal Contracting LLC is a pass-through entity designed to enable Zoladz Construction Co. Inc. to procure government contracts that it would otherwise be ineligible to obtain.

50. Plaintiff alleges that Arsenal Contracting LLC is not a "small business concern." Its size is determined in evaluating the size of its affiliates – Alliance Contracting, LLC and Zoladz Construction Co., Inc.

51. Plaintiff, the Western New York Foundation for Fair Contracting, has direct and independent knowledge of the allegations contained herein and is therefore the "original source" as so required under the Federal False Claims Act.

## COUNT I

### Violation of the Federal False Claims Act

52. Relator re-alleges and incorporates by reference the allegations made in paragraph 1-51 of this Complaint.

53. This is a claim for treble damages and forfeitures under the False Claims Act, *31 USC § 3729-32,* as amended.

54. Through the acts described above and otherwise, defendants and their agents and employees knowingly made false statements/records in order to get claims paid and approved by the United States Government.

55. The United States and its fiscal intermediaries, unaware of the falsity of the certification made or submitted by defendants and their agents and employees, paid defendants for claims that would not be paid if the truth were known.

56. By reason of the defendants' false records, statements, claims or omissions, the United States has been damaged in the amount of at least $6.6 million dollars.

## COUNT II

### False Claims Act Conspiracy

57. Relator realleges and incorporates by reference the allegations made in Paragraphs 1-51.

58. This is claim for treble damages and for forfeitures under the False Claims Act, 31 USC § 3729 et seq, as amended.

59. Through the acts described above and otherwise, defendants entered into a conspiracy or conspiracies among themselves and with others to defraud the United States by making a false certification as an SDVO SBC, a pre-condition for award of the contracts with the Department. Defendants have taken substantial steps in furtherance of the conspiracy by creating a corporation with a false Principal – Leon Colucci – in order to avail themselves of the opportunities available to SDVO SBCs.

60. The United States, unaware of the defendants' conspiracies or the falsity of their certification have paid millions of dollars in construction costs that they would not have otherwise paid to defendants.

61. By reason of defendants' conspiracies and the acts taken in furtherance thereof, the United States has been damaged in the amount of millions of dollars.

### PRAYER

WHEREFORE, Plaintiff/Relator prays for judgment against defendants as follows:

1) That defendants cease and desist from violating 31 U.S.C. § 3729 et seq.;

2) That the Court enter judgment against defendants in an amount equal to three times the amount of damages the United States has sustained as a result of defendants' actions, as well as a civil penalty against each defendant of $10,000 for each violation of 31 U.S.C. § 3729;

3) That Plaintiff/Relator be awarded the maximum amount allowed pursuant to 3730(d) of the Federal Civil False Claims Act;

4) That Plaintiff/Relator be awarded all costs and expenses of this action, including attorneys' fees; and

5) That the United States and Plaintiff/Relator receive all such further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: Buffalo, New York
September 26, 2011

          CREIGHTON, JOHNSEN & GIROUX

          By: /s/ Anna Falicov
             Anna Falicov, Esq.
             Attorneys for the Plaintiff
             560 Ellicott Square Building
             295 Main Street
             Buffalo, New York 14203
             (716) 854-0007
             afalicov@cpjglaborlaw.com